UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY FRANK SNYDER,<br><br>          Plaintiff,<br><br>     v.<br><br>FRESNO COUNTY, et al.,<br><br>          Defendant. | CASE NO. 1:12-cv-01026-AWI-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 12)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF No. 12.) Plaintiff has declined Magistrate Judge Jurisdiction. (ECF No. 4.) No other parties have appeared in the action. Plaintiff's complaint is before the court for screening.

**I.     SCREENING REQUIREMENT**

The *in forma pauperis* statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.   PLAINTIFF'S ALLEGATIONS

The conduct giving rise to this suit occurred when Plaintiff was detained, awaiting re-commitment as a Sexually Violent Predator (SVP), at Fresno County Jail from April 2 through April 6, 2012. During this five-day period, Plaintiff was not permitted many of the privileges he had been allowed at Coalinga State Hospital, where he had previously

been committed and where he is committed now. To wit, he received no outdoor or indoor recreational opportunities; was not permitted to bring his personal property or clothing with him; had restricted use of the phone; was constantly cold because he did not have enough blankets; slept badly because the bed was less comfortable and the environs noisier than at Coalinga; was denied one of his medications, causing constant pain; and was unable to continue his sex offender treatment. He was also subjected to a strip search and some of his belongings were apparently seized. As a result, "Plaintiff suffered environmental deprivation and extreme isolation in Defendants' custody."

Plaintiff alleges that "inmate workers," who were either "pretrial detainees" or "convicted criminals" received more considerate treatment than him.

Plaintiff attributes his treatment to Margaret Mims, the Sherriff of the Fresno County Jail, and to Does 1-50.

### IV.   ANALYSIS

Plaintiff alleges that his conditions of confinement at the Fresno County Jail violated his Fourteenth Amendment due process and equal protection rights.   He alleges that the strip search and seizures of his belongings were unreasonable under the Fourth Amendment.

Plaintiff has failed to link his Fourteenth Amendment claims to particular defendants, and has failed to plead sufficient facts to support his Fourth Amendment claim. The Court will therefore dismiss the complaint, but give Plaintiff leave to amend. The Court explains its reasoning and describes the relevant legal standards below.

### A. Plaintiff's Status

Plaintiff was held at Fresno County Jail pending commitment proceedings under the Sexually Violent Predator Act. CAL. WELF. & INST. CODE §§ 6600 *et seq.*  Pursuant to this

statute, an individual convicted of certain enumerated crimes and meeting other criteria may be civilly committed indefinitely for involuntary treatment as a "sexually violent predator" (SVP). CAL. CODE. WELF. & INST. §§ 6604-6604.1. The Act requires "treatment and confinement in a secure facility designated by the Director of State Hospitals." CAL. CODE. WELF. & INST. § 6604.1.

Although the state retains custody of SVPs in part because of the criminal behavior that led to their incarceration, the object of their involuntary commitment is "not punitive or penal in nature." See Kansas v. Hendricks, 521 U.S. 346, 368-369 (1997)(holding that civil commitment pursuant to Kansan sexually violent predator statute was not punitive in nature); Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004)(same for California's Sexually Violent Predator Act); People v. McKee, 223 P.3d 566, 576-577 (Cal. 2010)(same). Instead, the purpose of committing the offender is to "hold the person until his mental abnormality no longer causes him to be a threat to others." McKee, 223 P.3d at 577 (citing Hendricks, 521 U.S. at 363-364).

In keeping with civil commitment's non-punitive purpose, "persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas , 393 F.3d 918, 931 (9th Cir. 2004)(citing Youngberg v. Romeo, 457 U.S. 307, 322 (1982)). Civil detainees awaiting re-commitment are entitled to still more solicitous treatment because their status as SVPs has not been formally adjudicated: although the precise conditions to which such detainees are entitled are unclear, "it stands to reason that an individual detained awaiting civil commitment proceedings is entitled to protections at least as great as those afforded to a civilly committed individual, and at least as great as those afforded to an individual accused but not convicted of a

4

crime." Jones, 393 F.3d at 932; see also Cerniglia v. Cty. of Sacramento, 566 F.Supp.2d 1034, 1043 (E.D. Cal. 2008)(noting "confusion" about the conditions in which SVP detainees may be housed).

Because of his status as a pre-commitment detainee, Plaintiff was subject to more considerate treatment than prisoners, and comparably considerate treatment to pretrial detainees.

**B. Linkage**

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff should also attempt to identify Doe Defendants by name.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Wakefield v.

Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999)(quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)); accord Lopes v. Vieira, 543 F.Supp.2d 1149, 1151-1152 (E.D. Cal. 2008).  Although filing a complaint against a Doe defendant is not strictly prohibited, Wakefield, 177 F.3d at 1163, an unidentified defendant cannot be served until Plaintiff has identified him and amended his complaint to substitute a name for the pseudonym. See, e.g., Castaneda v. Foston, No. 1:12-cv-00026 2013 WL 4816216, at *3 (E.D. Cal. Sept. 6, 2013). If Plaintiff cannot identify defendants by name, he must distinguish among them by, e.g, referring to them as "John Doe 2", "John Doe 3", and so on, and describe what each did or failed to do to violate Plaintiff's rights.

### C. Fourteenth Amendment Substantive Due Process

Like pretrial criminal detainees, pre-commitment civil detainees may avail themselves of "the more protective fourteenth amendment standard," rather than the Eighth Amendment, when challenging their conditions of confinement.  Jones, 393 F.3d at 931.  Under this standard, "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Id. (citing Jackson v. Indiana, 406 U.S. 715, 738 (1972)). "At a bare minimum, then, an individual detained under civil process, like an individual accused but not convicted of a crime, cannot be subjected to conditions that amount to punishment." Jones, 393 F.3d at 932 (citing Bell, 441 U.S. at 536).  A rebuttable presumption arises that an SVP is being punished when he "is confined in conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts are held." Jones, 393 F.3d at 932.

However, there is no outright prohibition on housing SVPs in jails or prisons, see Jones, 393 F.3d at 932, and some restrictive conditions may be justified on the basis of

6

"legitimate, non-punitive government interests," such as "ensuring a detainee's presence at [his commitment proceeding], maintaining jail security, and effective management of a detention facility." Jones, 393 F.3d at 932. Moreover, "the actual treatment a prisoner [or detainee] experiences will depend upon predictions about him based upon his known history and the correctional officer's experience with him in the institutional setting." Cerniglia , 566 F.Supp.2d at 1043-1044. Detainees "whose history suggests a risk of escape or the likelihood of violence within the institution will be subjected to closer security than those whose history is free of violence and whose institutional history has been free of problems." Id.

Here, because Plaintiff was a pre-commitment detainee, the Fourteenth Amendment standard applies to his conditions of confinement. However, the Court declines to analyze whether the restrictions Plaintiff faced over a 5-day period at the Fresno County Jail were reasonably related to the purpose for which he was confined there because Plaintiff has failed to link his allegations of mistreatment to particular defendants, specified the actions for which he holds each responsible, nor differentiated among Doe defendants in his allegations. Therefore he fails to state a Fourteenth Amendment due process claim.

Accordingly, the Court will dismiss Plaintiff's due process claims without prejudice. If Plaintiff chooses to amend, he must plead sufficient facts to adequately link defendants to particular conduct and specifically describe that conduct, and, to the extent possible, identify Doe defendants by name.

**D.  Equal Protection**

Plaintiff claims his confinement at the jail was more restrictive than that of 1) other inmates at the jail; and 2) other SVPs at Coalinga, and that this differential treatment violated a fundamental right.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). However, "[u]nless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest." Nelson v. City of Irvine, 143 F.3d 1196, 1205 (9th Cir. 1998)(citations omitted). Even though SVPs do not constitute a suspect classification, heightened scrutiny may be required where fundamental interests are at issue. See Harper v. Va. Bd. Of Elections, 383 U.S. 663, 670 (1966); Police Dept. of Chicago v. Mosley, 408 U.S. 92, 92 (1972); Hydrick v. Hunter, 500 F.3d 978, 998 (9th Cir. 2007), *vacated and remanded by* 129 S.Ct. 2431 (2009).

Plaintiff appears to be claiming a violation of at least one clearly established fundamental right: a liberty interest in personal security and freedom from bodily restraint. See Youngberg , 457 U.S. at 315-316; Hydrick, 500 F.3d at 998. Accordingly, heightened scrutiny may apply to his equal protection claims implicating these fundamental rights.  Some differential treatment between a Plaintiff and other SVPs may violate equal protection if it does not meet heightened scrutiny.  Hydrick, 500 F.3d at 998; Lombardi v. Sacramento Cty., No. 2:12-cv-1610 2012 WL 5906801, at *6 (E.D. Cal. Nov. 26, 2012)

Where heightened scrutiny is not applicable, the challenged classification or differential treatment need only bear a rational relation to a legitimate state interest.

8


Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Nelson, 143 F.3d at 1205. Under this theory, a plaintiff must allege (1) membership in an identifiable class; (2) intentional different treatment from others similarly situated; and (3) that there was no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. Thus, where Plaintiff's conditions of confinement do not implicate fundamental rights, he may only challenge the conditions of his confinement on equal protection grounds if the differential treatment is irrational or arbitrary. McGinnis v. Royster, 410 U.S. 263, 276 (1973); Hydrick, 500 F.3d at 998; see also Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2004)(finding that even if conditions of confinement do not violate due process, inmates may nonetheless invoke the Equal Protection clause to challenge arbitrary action).

The Supreme Court has upheld the constitutionality of housing SVPs in prison facilities. See Seling v. Young, 531 U.S. 250, 261 (2001).  California's SVPA, moreover, only specifies that *its* SVPs are to be held in "secure facilities" and does not expressly prohibit SVPs from being held in jails. See Jones, 393 F.3d at 932; Munoz v. Kolender, 208 F.Supp.2d 1125, 1143 (S.D. Cal. 2002).  Thus, an SVP's equal protection claim based solely on his temporary confinement in a jail or prison does not appear cognizable. See id., at 1144.

Here, the Court will not analyze the validity of Plaintiff's potential equal protection claims because he has not sufficiently linked them to individual defendants, as required under § 1983.  To the extent he challenges policies and practices at the Fresno County Jail, he has only alleged the existence of such policies in very general terms, and has not identified the individuals he holds responsible for creating, implementing, or enforcing these policies.  To the extent he alleges that his differential treatment was due

9

to inadequate training or supervision, again, he has not identified 1) the individuals he believed were violating prison rules; or 2) the supervisory personnel he thinks knew or ought to have known of the violations.

Accordingly the Court will dismiss Plaintiff's equal protection claims without prejudice. If plaintiff chooses to amend, he must plead sufficient facts to link his claims to particular conduct and defendants.

### E. Fourth Amendment

Plaintiff has failed to plead sufficient facts to state a claim that Defendants violated his Fourth Amendment rights by subjecting him to a strip search or taking his belongings.

Under certain circumstances, searches of detainees may violate the Fourth Amendment. See, e.g., United States v. Fowlkes, 770 F.3d 748, 756-757 (9th Cir. 2014); United States v. Scott, 450 F.3d 863, 870-871 (9th Cir. 2005). Here, however, Plaintiff has provided no details about any searches to which he was subjected, other than conclusory assertions that the searches were unreasonable. Without allegations describing each allegedly unconstitutional search, the circumstances under which it took place, and the individual or individuals who carried it out, and the reason, if any, given by them for the search, Plaintiff fails to state a claim. See Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012).

Accordingly the Court will dismiss Plaintiff's Fourth Amendment claims without prejudice.

### V. CONCLUSION

Plaintiff fails to state a due process, equal protection, or Fourth Amendment claim against any defendant.

The Court grants Plaintiff the opportunity to correct the deficiencies analyzed above in an amended complaint. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaint). An amended complaint supersedes the prior complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

## VI.  ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's signed first amended complaint (ECF No. 12) is DISMISSED for failure to state a claim upon which relief may be granted,

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his complaint filed November 14, 2013;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   March 13, 2015                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

11